**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1.   CRYSTAL WILLIAMS-JACKSON,<br><br>        Plaintiff,<br><br>v.<br><br>1.   INNOVATIVE SENIOR CARE<br>      HOME HEALTH OF EDMOND,<br>      LLC, d/b/a BROOKDALE HOME<br>      HEALTH OKC, and<br>2.   BROOKDALE SENIOR LIVING<br>      COMMUNITIES, INC.<br><br>        Defendants. | CIV-17- 465-R<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED**<br>**ATTORNEY LIEN CLAIMED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Crystal Williams-Jackson, and for her Complaint against the Defendants alleges and states as follows:

### PARTIES

1.   The Plaintiff is Crystal Williams-Jackson, a Black adult female resident of Cleveland County, Oklahoma.

2.   The Defendants are:

   (a)   Innovative Senior Care Home Health of Edmond, LLC d/b/a Brookdale Home Health OKC, an entity doing business in and around Oklahoma County, Oklahoma; and

   (b)   Brookdale Senior Living Communities, Inc. an entity doing business in and around Oklahoma County, Oklahoma.

### JURISDICTION AND VENUE

3.   This is a cause of action arising out of Plaintiff's former employment with Defendants and is based on claims of: (1) religious discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); (2) race discrimination and

1

retaliation in violation of Title VII and 42 U.S.C. § 1981; and (3) disability discrimination in violation of the Americans with Disabilities Act ("ADA") and ADA Amendments Act ("ADAAA").

4. Jurisdiction over Plaintiff's federal causes of action is vested in this Court under 28 U.S.C. § 1331.

5. Defendants are located in Oklahoma County and all acts complained of occurred in or around Oklahoma County. Oklahoma County is located within the Western District of the United States District Court of Oklahoma. Therefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

6. Plaintiff was hired with Defendants on or about September 24, 2012 as the RN Case Manager.

7. Plaintiff was hired by then-Clinical Services Director Robin Breslin (who is believed to be White). Breslin was Plaintiff's immediate supervisor.

8. In or around March 2015, Plaintiff was promoted to Clinical Services Manager by Home Health Director Heather Park (who is believed to be White). Park was Plaintiff's second-level supervisor.

9. In or around July 2015, Breslin separated from her employment. In or around November 2015, Crystal Jackson (who is believed to be White)(no relation) was hired as the Clinical Services Director and became Plaintiff's supervisor.

10. Throughout Plaintiff's employment, Plaintiff's job performance was at least satisfactory, if not excellent.

11. Despite her good performance, Plaintiff was terminated on or about May 10, 2016. Park told Plaintiff the reason for termination was alleged unprofessional behavior in

the office, including physical contact with another associate. However, such reason was false and merely pretext for unlawful discrimination based on Plaintiff's religious beliefs, race, a perceived disability and in retaliation for Plaintiff's complaints of discrimination to Defendants' corporate office.

12. Particularly, Plaintiff has been a member of the Apostolic Faith since in or around 2002. Part of Plaintiff's religious beliefs includes being touched by the Holy Spirit. When touched by the Holy Spirit, it communicates through Plaintiff in the form of speaking in tongues.

13. The incident which Defendant alleges led to Plaintiff's termination occurred on or about May 6, 2016. On such date, Plaintiff was listening to Christian music at her desk when she was touched by the Holy Spirit at work. During this time, a co-worker voluntarily came to Plaintiff's office, guided Plaintiff into the co-worker's office, and prayed with Plaintiff. Plaintiff's co-worker willingly held hands with Plaintiff during their prayer. The encounter lasted approximately 10-15 minutes. At no time were Plaintiff's actions unprofessional, threatening, or disruptive.

14. Moreover, Defendants discriminated against Plaintiff and other Black employees. Particularly, in or around April 2016, Jackson arrived at the office with Plaintiff and two other Black employees. When another White employee entered the office, Jackson commented that only "Dark people" (referring to Plaintiff and the two other Black employees) or people named "Crystal" could enter the office.

15. And, other Black employees and Plaintiff were excluded from lunch outings with Jackson and other White employees. They were also chastised for inadvertently going to lunch without inviting a White co-worker.

16. In addition, from in or around July 2015 until November 2015, Plaintiff was

3

asked by Interim Clinical Services Director Chris Quick (who is believed to be White) to assist in interviewing potential RN candidates whom Quick had selected. This practice stopped after Jackson's hire. And, Plaintiff noticed that, while all of the RN candidates Plaintiff interviewed were not White, all of the RNs Jackson hired were White.

17. In or around February 2016, Plaintiff lodged a complaint to Defendants' corporate hotline about Jackson's employment practices. Plaintiff stated that a majority of the workload was placed on one nurse who is Black. Plaintiff further reported that the individuals Jackson hired who all appeared to be White were sent out to patients' homes far less than the Black nurse. Upon information and belief, Park and Jackson were notified of Plaintiff's complaint.

18. Plaintiff was further discriminated against and regarded as disabled. In or around June 2015, Plaintiff missed two (2) days of work due to a personal issue. While Plaintiff was out, Defendants sent the police to Plaintiff's home on a welfare check. The police indicated that Defendants reported a concern that Plaintiff may attempt suicide by ingesting prescription medication. This was false, as Plaintiff was not suicidal and not even in possession of an amount of medication necessary to cause death. After speaking with Plaintiff and examining her medication, the police determined that Plaintiff was not a threat to herself or others and left her house without further action.

19. Upon information and belief, Plaintiff's job duties are now being performed by a White individual.

20. As a direct and proximate cause of Defendants' actions, Plaintiff has suffered injuries as described below.

## COUNT I - Religious Discrimination

For her first cause of action, Plaintiff incorporates all prior allegations and further

alleges and states as follows:

21.     The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964, as amended, in the nature of religious discrimination.

22.     Plaintiff is entitled to relief because she is a member of the Apostolic Faith, was qualified for her job, was terminated, and her position was not eliminated after her termination.

23.     Plaintiff is entitled to relief because her religious practice was a motivating factor in Defendants' termination decision.

24.     As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages.

25.     Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## COUNT II - Race Discrimination

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

26.     The acts described above constitute violations of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §1981 in the form of race discrimination and retaliation.

27.     Plaintiff is entitled to relief because she is Black, was qualified for her job, was terminated, and her position was not eliminated after her termination.

28.     Plaintiff is further entitled to relief because she engaged in a protected activity by lodging complaints of race discrimination, she suffered an adverse action, and, as shown above, there is a causal link between the protected activity and the adverse action.

29.     As damages, Plaintiff has suffered lost earnings, past and future, emotional

distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

30. Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

## COUNT III - ADA/ADAAA

For her third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

31. The matters alleged above constitute discrimination based on a disability, a record of a disability and/or perceived disabilities in violation of the ADA and ADAAA.

32. More specifically, Plaintiff is entitled to relief because she was regarded as disabled by Defendants, she was qualified to perform the essential functions of her job without reasonable accommodation, and she suffered discrimination as a result of her disability.

33. As a direct and proximate result of Defendants' actions, Plaintiff has suffered lost income, past and future, emotional distress and other non-pecuniary losses.

34. Because the actions of Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in favor of Plaintiff and against Defendants and award back pay, front pay, compensatory damages, punitive damages, together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees.

Respectfully submitted this 20th day of April, 2017.

        s/ Jana B. Leonard
        **JANA B. LEONARD, OBA # 17844**
        **LAUREN W. JOHNSTON, OBA # 22341**
        **SHANNON C. HAUPT, OBA #18922**
        **LEONARD & ASSOCIATES, P.L.L.C.**
        **8265 S. Walker**
        **Oklahoma City, Oklahoma 73139**
        **(405) 239-3800 (telephone)**
        **(405) 239-3801 (facsimile)**
        leonardjb@leonardlaw.net
        johnstonlw@leonardlaw.net
        haupts@leonardlaw.net

        **ATTORNEY LIEN CLAIMED**
        **JURY TRIAL DEMANDED**