IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CRYSTAL WILLIAMS-JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-17-465-R |
| ) | |
| INNOVATIVE SENIOR CARE ) | |
| HOME HEALTH OF EDMOND ) | |
| LLC, d/b/a BROOKDALE HOME ) | |
| HEALTH OKC., et al., ) | |
| ) | |
| Defendants. ) | |

**<u>Order</u>**

Before the Court is Defendants' Joint Motion to Dismiss in Favor of Arbitration, or Alternatively, to Compel Arbitration and Stay All Proceedings. Doc. 8. The matter is fully briefed. Docs. 11 & 12. Because the Court finds that the arbitration agreement between Plaintiff and Defendants is unenforceable, the Court DENIES Defendants' Motion.

This suit arises out of Plaintiff Crystal Williams-Jackson's termination from Brookdale Senior Living Communities in May 2016. Ms. Williams-Jackson alleges that her firing was the result of religious and race discrimination, in violation of Title VII of the Civil Rights Act, and disability discrimination in violation of the Americans with Disabilities Act. Defendants want the Court to enforce an arbitration agreement that Ms. Williams-Jackson signed more than two years after Brookdale hired her. The Dispute Resolution Agreement ("DRA") provides that

> in consideration of my employment or continued employment by Brookdale Senior Living, Inc. or one of its affiliates or subsidiaries . . . both Brookdale and I agree that this Dispute

1

> Resolution Agreement will apply to any and all covered disputes and claims that might come about as a result of my employment with Brookdale.

Doc. 8, Ex. 1.

The DRA specifically lists claims brought under Title VII of the Civil Rights Act and the Americans with Disabilities Act as being subject to arbitration. *Id.*

In resolving a motion to compel arbitration, the Court "accept[s] as true . . . factual allegations . . . that relate to the underlying dispute between the parties." *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 113 (2d Cir. 2012). "A party to an arbitration agreement seeking to avoid arbitration generally bears the burden of showing the agreement to be inapplicable or invalid." *Harrington v. Atl. Sounding Co., Inc.*, 602 F.3d 113, 124 (2d Cir. 2010) (citing *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91–92 (2000)).

Though the Federal Arbitration Act directs courts to enforce arbitration agreements, 9 U.S.C. §§ 2–4, it may do so only after determining that the agreement is not invalidated by "ordinary state-law principles that govern the formation of contracts." *See, e.g., First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). Here, both parties agree that that Oklahoma contract law applies.

Ms. Williams-Jackson presses several reasons for why the arbitration agreement is unenforceable. The Court, however, need only address one of those to decide that she is correct. As with any contract, an agreement to arbitrate requires consideration—that is, that there be a benefit to the promisor or a detriment to the promise. *Thompson v. Bar-S Foods Co.*, 174 P.3d 567, 574 (Okla. 2007) (internal quotes omitted).

Here, a lack of consideration renders the DRA unenforceable. Ms. Williams-Jackson alleges that Brookdale hired her on September 24, 2012. Doc. 1, at 2. She did not sign the DRA until more than two years later, on December 3, 2014. Doc. 8, Ex. 1, at 2. With her signature on the DRA, Brookdale ostensibly received the right to settle any employment disputes with Ms. Williams-Jackson, an at-will employee, in arbitration. Ms. Williams-Jackson, though, received nothing in return, save for a promise of continued at-will employment—something Brookdale was already obligated to do anyway. "[A]n agreement on the part of [a party] to do that which [it] was already obligated to do . . . [does] not constitute sufficient consideration." *Watson v. American Creosote Works*, 84 P.2d 431, 434 (Okla. 1938). And to be sure, a cadre of courts, Oklahoma and elsewhere, have held that a promise of continued at-will employment is not valid consideration. *See, e.g., Thompson,* 174 P.3d at 573, 577 (refusing to compel arbitration and rejecting employer's contention that an employee's "continued employment manifests assent to the condition [of arbitration] and constitutes consideration")*; Baker v. Bristol Care, Inc.*, 450 S.W.3d 770 (Mo. 2014) ("An offer of continued at-will employment is not valid consideration because the employer makes no legally enforceable promise to do or refrain from doing anything it is not already obligated to do."); *Piano v. Premier Distributing Co.*, 107 P.3d 11, 14 (N.M. Ct. App. 2004) (holding that an employer's promise to continue employee's at-will employment was illusory and therefore not valid consideration for Plaintiff's promise to submit her claims to arbitration); *Poole v. Incentives Unlimited, Inc.*, 525 S.E.2d 898, 901 (S.C. Ct. App. 1999) (holding that covenant not to compete, signed by at-will employee four years after she was hired, was illusory because "even though

3

[plaintiff] signed the covenant, [the employer] retained the right to discharge her at any time"); *Martin v. Credit Prot. Ass'n*, Inc., 793 S.W.2d 667, 670 (Tex. 1990) (finding that covenant not to compete, signed after the employee's employment began, "was not supported by independent valuable consideration").

In response, Defendants cite two cases it believes supports consideration here. In their first case, *Hardin v. First Cash Fin. Servs.*, the Tenth Circuit merely held that under Oklahoma law, an arbitration agreement allowing an employer the unilateral right to terminate the agreement is not illusory so long as there are reasonable restrictions on that right. 465 F.3d 470, 479 (10th Cir. 2006). That obviously is an entirely different question than the one the Court faces here—whether Ms. Williams-Jackson received some benefit or Brookdale received some detriment when she signed the new arbitration agreement. She did not, and the DRA thus lacks consideration.

Granted, the Tenth Circuit in *Hardin* did decide that under Oklahoma law, employees can assent to changes in their employment agreement—such as an employer's new rule mandating its employees arbitrate their claims—by continuing to work. *Id.* at 475. Brookdale argues that by continuing to work after she signed the DRA in December 2014, Ms. Williams-Jackson assented to her new employment agreement mandating arbitration. The pitfall in relying on *Hardin* (2006), however, is that it was decided a year before *Thompson* (2007), in which the Oklahoma Supreme Court decisively held that an employee does not assent to a new arbitration agreement by continuing to work. *Thompson,* 174 P.3d at 574. This is also why Defendants' second case, *Robinson v. Phillips Petroleum Co.*, 54 P.2d 322, 323 (Okla. 1936) (per curiam), does not convince us that Ms. Williams-Jackson

4

assented to changes in her employment agreement. While that eight-decade-old decision found that a gas station attendee consented to his reduced commission payments by continuing to work, its precedential value would seem to be directly undermined by *Thompson*. *Id*.

In short, the Court declines to enforce the DRA because Ms. Williams-Jackson received nothing in return for her having signed it. "[Ms. Williams-Jackson] was an at-will employee before she signed the Arbitration Agreement and she remained an at-will employee after the signed the Arbitration Agreement. The implied promise of continued at-will employment placed no constraints on [Brookdale's] future conduct; its decision to continue [Ms. Williams-Jackson's] at-will employment was entirely discretionary." *Piano,* 107 P.3d at 14. Defendants' Motion to Compel Arbitration, Doc. 8, is therefore DENIED.

IT IS SO ORDERED this 16th day of June 2017.

*[signature: David L. Russell]*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE