# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) CRYSTAL WILLIAMS-JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  CIV-17-465-R |
| | ) |
| 1) INNOVATIVE SENIOR CARE HOME | ) |
| HEALTH OF EDMOND, LLC, d/b/a | ) |
| BROOKDALE HOME HEALTH OKC, and | ) |
| 2) BROOKDALE SENIOR LIVING | ) |
| COMMUNITIES, INC. | ) |
| | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' JOINT MOTION TO STAY ALL PROCEEDINGS

COME NOW, Defendants Innovative Senior Care Home Health of Edmond, LLC, d/b/a Brookdale Home Health OKC and Brookdale Senior Living Communities ("Defendants") and file their Joint Motion to Stay all Proceedings. Defendants seek a stay as to all proceedings in the above styled action, including but not limited to all responsive pleadings to Plaintiff's Complaint, discovery and the jury trial, on the grounds that Defendants intend to seek review by the Tenth Circuit of this Honorable Court's Order dated June 16, 2017 [Dkt. 13]. In support thereof, Defendants state as follows:

## Brief in Support

1.	Plaintiff Crystal Williams-Jackson had an employment relationship with Defendants. On April 20, 2017, Plaintiff filed suit against Defendants setting forth allegations of religious discrimination, race discrimination, retaliation, and disability discrimination in violation of state and federal law. *See* Complaint, ¶3 [Dkt. 1].

2.	Plaintiff signed a Dispute Resolution Agreement ("DRA"), setting forth the terms and conditions of her continued employment, which included an arbitration provision. *See* Exhibit 1. In signing the DRA, Plaintiff agreed:

> Brookdale and [Plaintiff] agree that **any** legal dispute arising out of or related to my employment (including, without limitation, those arising from the Application for Employment, my employment, or the termination of my employment) must be resolved using final and **binding** arbitration and not by a court or jury trial. This includes any legal dispute that has to do with any of the following: … termination (including defamation after my termination), discrimination, harassment, retaliation… and any federal, state or local laws or regulations covering the same or similar matters.

*Id.* (emphasis in original).

3.	On or about April 25, 2017, Plaintiff served Defendants with the Complaint in this action. According to the allegations of the Complaint, all of Plaintiff's claims arise out of, and/or relate to, her employment relationship and arise out of claims of discrimination and/or retaliation, and therefore Defendants assert the Plaintiff's claims are subject to the arbitration provision of the DRA.

Defendants filed a Joint Motion on May 16, 2017, requesting this matter be referred to arbitration in compliance with the DRA. *See* Joint Motion [Dkt. 8].

4. Plaintiff responded on May 23, 2017 [Dkt. 11]; a reply was filed on May 30, 2017 [Dkt. 12].

5. On June 16, 2017, the Court entered its order, denying the Defendants' Joint Motion. [Dkt. 13].

6. Defendants have 30 days, or until July 16, 2017 to file a notice of appeal to the Tenth Circuit.

7. Defendants seek a stay of all proceedings, including any responsive pleadings to Plaintiff's Complaint, discovery and jury trial until the interlocutory appeal has concluded.

## **Arguments & Authorities**

Defendants are entitled to a stay of the proceedings in the present case, including but not limited to all responsive pleadings to the Complaint, discovery and the jury trial until a decision is rendered on their appeal of This Honorable Court's Order denying their Joint Motion. By statute, an order denying a Motion to Compel Arbitration is appealable. 9 U.S.C. §16; 12 O.S. § 1879.

A party seeking a stay from the district court pending an appeal must demonstrate entitlement to a stay in accordance with factors similar to those that must be satisfied to receive injunctive relief. "As a basis for such a stay, the movant [i]s required to show the district court: (1) its strong position on the merits of the

appeal; (2) irreparable injury if the stay was denied; (3) that a stay would not substantially harm other parties to the litigation; and (4) that the public interests favor a stay." *Securities Investor Protection Corp. v. Blinder, Robinson & Co., Inc.*, 962 F.2d 960, 968 (10th Cir. 1992), *citing Battle v. Anderson*, 564 F.2d 388, 397 (10th Cir. 1977).

First, Defendants believe they have a strong position on the merits of the appeal. Courts nationwide, and in Oklahoma, have upheld arbitration agreements where the sole consideration provided was continued employment. More specifically, courts nationwide have upheld the enforceability of the DRA on consideration grounds. *See, e.g., Wilson v. Gifford–Hill & Co., Inc.*, 570 P.2d 624, 626 (1977); *Pierce v. Kellogg, Brown & Root, Inc.*, 245 F.Supp.2d 1212, 1215 (D.Okla.2003) (applying Oklahoma law and finding an arbitration agreement enforceable that permitted the company to amend or terminate on 10–days notice); *Durkin v. CIGNA Prop. & Cas. Corp.*, 942 F. Supp. 481, 488 (D. Kan. 1996); *Lang v. Burlington N. R. Co.*, 835 F. Supp. 1104, 1106 (D. Minn. 1993); *In re Halliburton Co.*, 80 S.W.3d 566, 568-69 (Tex. 2002).

Denying the enforceability of the DRA in this context will have significant repercussions not just on these Defendants who rely on this DRA daily, but on other nationwide employers, who have similar provisions incorporated into their hiring practice and who use continue employment, where statutorily allowed, as adequate consideration for such agreements. Should the matter not be stayed

pending review by the Tenth Circuit, potentially thousands of Defendants' existing valid DRAs would be rendered voidable – causing the Defendants irreparable harm. The Supreme Court of the United States has held since 1991 that "statutory claims may be the subject of an arbitration agreement, [and] enforceable pursuant to the FAA." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (U.S. 1991). As Plaintiff's allegations stem out of various federal statutory claims, "[h]aving made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." *Id.* The matter is therefore ripe for review by the Tenth Circuit, and this matter should be stayed until such resolution.

In addition to the irreparable injury described above should a stay not be granted, compelling Defendants to respond to the Complaint as well as to conduct or participate in discovery or try this matter before the subject Order can be reviewed by the Tenth Circuit would cause further irreparable harm. Namely, Defendants would not only harmed by the loss of the ability to appeal the order that had denied the enforcement of the DRA at issue, but also would have to litigate the matter on two fronts: at this Court and on appeal. The anticipated time, costs, and expense of litigating this matter while also enduring the time, costs, and expense of appealing the Order are sufficient reasons to stay this matter. This is compounded by Defendants' belief they meet the first prong of the test for issuing a stay: strong position on the merits on appeal. Defendants should have the

opportunity to have their appeal heard and decided before litigating the merits of the matter.

Third, the requested stay does not substantially harm either party, including Plaintiff. This lawsuit has been recently filed. Discovery has not yet started and a trial setting has not yet been set by the Court. Indeed, no initial case management conference has even been held. Rather, if the Court were to deny the stay, the parties would be harmed because they would potentially be subject to multiple phases of repeat litigation.

Finally, issuing a stay of proceedings in this matter serves the public interest. Federal *and* state policy *favor* arbitration, such that the law requires parties who have agreed to arbitrate to submit their controversies to arbitration. *Preston v. Ferrer*, 552 U.S. 346, 353 (2008). The Supreme Court of the United States has frequently noted the "liberal federal policy favoring arbitration agreements," *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24 (1983); *see also, Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 (1985). In addition, Oklahoma courts generally look with favor upon arbitration provisions as a shortcut to "substantial justice with a minimum of court interference." *Freeman v. Bodyworks, Inc.*, 2008 OK CIV APP 114, ¶4 (citations omitted); *Towe, Hester & Erwin, Inc. v. Kansas City Fire & Marine Ins. Co.*, 1997 OK CIV APP 58, 947 P.2d 594, 599 (Oklahoma law consistently recognizes a "strong presumption in favor of arbitration."); *Farrell v. Concept Builders, Inc.*, 2009

OK CIV APP 34, 208 P.3d 483, 485 ("Ambiguities are resolved in favor of finding the dispute is arbitrable."); *see also City of Muskogee v. Martin*, 1990 OK 70, ¶ 8, 796 P.2d 337 ("Doubts should be resolved in favor of coverage."). Accordingly, the public interest will be served by determining whether continued employment – the issue in this case – is sufficient consideration to support an arbitration agreement.

## Conclusion

Wherefore, premises considered, the Court should stay all proceedings in this matter, including responsive pleadings to the Complaint, discovery and trial by jury until this matter can be fully appealed to the Tenth Circuit.

Respectfully submitted,

**HOLDEN & CARR**

*s/ Michael L. Carr*
Michael L. Carr, OBA #17805
Jessica L. Craft, OBA #31126
15 East 5th Street, Suite 3900
Tulsa, OK 74103
(918) 295-8888; (918) 295-8889 fax
MikeCarr@HoldenLitigation.com
JessicaCraft@HoldenLitigation.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of July, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Jana B. Leonard, OBA #17844
leonardjb@leonardlaw.net

Lauren W. Johnston, OBA #22341
johnstonlw@leonardlaw.net

Shannon C. Haupt, OBA #18922
haupts@leonardlaw.net

*s/Michael L. Carr*
Michael L. Carr