FILED
United States Court of Appeals
Tenth Circuit

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

March 8, 2018

Elisabeth A. Shumaker
Clerk of Court

_____

CRYSTAL WILLIAMS-JACKSON,

    Plaintiff - Appellee,

v.

INNOVATIVE SENIOR CARE HOME HEALTH OF EDMOND, LLC, d/b/a Brookdale Home Health OKC; BROOKDALE SENIOR LIVING COMMUNITIES, INC.,

    Defendants - Appellants.

No. 17-6168
(D.C. No. 5:17-CV-00465-R)
(W.D. Okla.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **BRISCOE**, **HARTZ**, and **McHUGH**, Circuit Judges.

_____

Plaintiff Crystal Williams-Jackson brought this action against the defendants alleging they had discriminated and retaliated against her on the basis of her religion, race, and perceived disability. The defendants moved to dismiss or stay the action in favor of arbitration. *See* Federal Arbitration Act (FAA), 9 U.S.C. § 3 (requiring stay

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of action on issues referable to arbitration). The district court denied their motion, and they appealed. We have jurisdiction, *see* 9 U.S.C. § 16(a)(1)(A), and we reverse and remand for further proceedings.

I.

Plaintiff's district-court complaint alleged she was a former employee of the defendants who had provided satisfactory-to-excellent job performance prior to the termination of her employment. Although the defendants had asserted she was fired for unprofessional behavior in the office, Plaintiff claimed this reason was false and was merely a pretext for unlawful discrimination based on her religious beliefs, race, and a perceived disability, and in retaliation for her discrimination complaints to the defendants' corporate office. The complaint also described other incidents of unlawful discrimination that allegedly occurred during Plaintiff's employment.

The defendants filed a joint motion to dismiss the action in favor of arbitration or to compel arbitration and stay the proceedings. They asserted Plaintiff had signed a Dispute Resolution Agreement (DRA) that required her to arbitrate her claims. The agreement was signed by Plaintiff and "Brookdale Senior Living Inc. (on behalf of itself and its applicable subsidiaries/affiliates)," Aplt. App. at 22, over two years after her employment began with the defendants. It included the following provision:

> **1. Covered disputes.** Brookdale and I agree that **any** legal dispute arising out of or related to my employment (including, without limitation, those arising from the Application for Employment, my employment, or the termination of my employment) must be resolved using final and **binding** arbitration and not by a court or jury trial. That includes any legal dispute that has to do with any of the following: . . . discrimination, harassment, retaliation, transfer, demotion, or promotion. It also includes any claims

> that come about through . . . Title VII of the Civil Rights Act of 1964, . . . [the] Americans with Disabilities Act, . . . and any federal, state or local laws or regulations covering the same or similar matters.

*Id.* at 21 (emphasis in original).

The DRA also stated:

> By signing this, I am saying that I have received, read, understand and agree to all the terms contained in this Agreement. I understand that even if I do not sign this Agreement, if I come to work after being given this Agreement, I am agreeing to it and so is Brookdale. I understand and agree that consenting to this Agreement is a condition of employment with Brookdale.

*Id.* at 22.

Plaintiff filed a response to the defendants' motion to compel arbitration, arguing there was no valid arbitration agreement between her and the defendants. She raised several objections to the validity of the DRA's arbitration provisions, contending that Defendant Innovative Senior Care Home Health of Edmond, LLC, was not a party or signatory to the DRA, no consideration was given to create a valid arbitration agreement, and the DRA's arbitration provisions were indefinite and unconscionable.

To support her claim, Plaintiff submitted a portion of Brookdale's Associate Handbook, which states:

> You are employed with Brookdale on an "at-will" basis. Accordingly, you are free to resign at any time, for any reason or no reason at all. Similarly, Brookdale may terminate the employment relationship at any time, with or without cause or prior notice.
>
> The policies and procedures set forth in this Handbook are not intended to create an employment contract or any other type of contract, nor are they to be construed as contractual obligations of any kind or an offer to form a

> contract. The provisions of the Handbook may be amended or cancelled at any time at Brookdale's sole discretion, with or without notice.

*Id.* at 38.[1]

The district court denied the motion to dismiss or stay in favor of arbitration. It determined the DRA's arbitration provision was unenforceable for lack of consideration, and did not reach Plaintiff's other arguments. It later stayed all proceedings pending the outcome of this appeal.

## II.

The defendants argue the DRA is a valid agreement to arbitrate, supported by adequate consideration. We apply ordinary principles of state contract law to determine the validity of an arbitration agreement. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Hardin v. First Cash Fin. Servs., Inc.*, 465 F.3d 470, 475 (10th Cir. 2006) ("Generally, courts should apply ordinary state-law principles that govern the formation of contracts to determine whether a party has agreed to arbitrate a dispute." (internal quotation marks omitted)). The parties agree that Oklahoma contract law governs this issue.

"[W]e review the district court's determinations of [state] law de novo, employing the same legal standards applied by the district court." *Hardin*, 465 F.3d at 476. "When the federal courts are called upon to interpret state law, the federal

---

[1] In her brief, Plaintiff cites a broader reservation of the employer's unilateral right to amend its policies, including the arbitration policy. *See* Aplee. Br. at 14. But she provides no reference to the record on appeal, and we have not found the cited language anywhere in the record.

court must look to the rulings of the highest state court, and, if no such rulings exist, must endeavor to predict how that high court would rule." *Stickley v. State Farm Mut. Auto. Ins. Co.*, 505 F.3d 1070, 1077 (10th Cir. 2007) (internal quotation marks omitted).

Under Oklahoma law, "[a]n essential element of a contract [including an agreement to arbitrate] is sufficient consideration." *Thompson v. Bar-S Foods Co.*, 174 P.3d 567, 574 (Okla. 2007). "As a general rule, consideration exists as long as there is a benefit to the promisor or a detriment to the promisee." *Id.*; *see also* 15 Okla. Stat. Ann. § 106 ("Any benefit conferred, or agreed to be conferred upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered or agreed to be suffered by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise.").

The DRA identifies two forms of consideration: Plaintiff's continued employment with the defendants, and/or "the mutual promises and agreements herein." Aplt. App. at 21. Plaintiff argues that only the first-identified consideration is before us. She claims defendants have waived any argument that the mutual agreement to arbitrate provides sufficient consideration, by failing to raise that argument in district court. We disagree.

After Plaintiff raised lack of consideration in her response brief in the district court, the defendants filed a reply brief in which they cited *Hardin* for the proposition that Oklahoma law makes arbitration agreements enforceable in the workplace. *See*

5

Aplt. App. at 41. As we will explain, *Hardin* contemplates that the parties' mutual promises can serve as consideration for such agreements. Indeed, the cases on this topic discussing Oklahoma law that the district court cited rest on the assumption that mutual promises to arbitrate can constitute adequate consideration in the employment context. The mutuality issue was thus sufficiently presented to and determined in the district court, and we decline to find it waived on appeal.

In its decision, the district court cited *Thompson* and *Hardin*. Both cases addressed whether the employer's reservation of a unilateral ability to modify an arbitration agreement made the agreement illusory and unsupported by adequate consideration. *See Thompson*, 174 P.3d at 575-77; *Hardin*, 465 F.3d at 478-79. In *Thompson*, the Oklahoma Supreme Court held that where the arbitration agreement allowed the employer to modify its terms "at any time without notice," it was illusory and not "based on a valid contract, supported by consideration." *Thompson*, 174 P.3d at 577.[2] But in *Hardin*, applying Oklahoma law governing the requirement that consideration not be based on a mere illusory promise, we held an agreement to arbitrate was not illusory, because the employer's right to modify the agreement was not unrestricted; that right was subject to certain notice requirements and the employer could not use its power to cut off existing claims. *See Hardin*, 465 F.3d

---

[2] The Oklahoma Supreme Court also cited the employer's failure to provide the employee with a copy of the dispute resolution policy containing the arbitration provision in connection with the employment agreement she signed. *See Thompson*, 174 P.3d at 577.

6

at 478-79 (quoting *Wilson v. Gifford-Hill & Co.*, 570 P.2d 624, 626 (Okla. Ct. App. 1977)).[3]

Both *Thompson* and *Hardin* assumed that binding, mutual promises made by an employer and employee to arbitrate supply adequate consideration to support an arbitration agreement. Other courts have made this point explicit. *See, e.g.*, *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 734 (7th Cir. 2002) ("An employer's promise to arbitrate in exchange for an employee's promise to do the same constitutes sufficient consideration to support the arbitration agreement." (interpreting Wisconsin law)); *see also generally Bourke v. W. Bus. Prods., Inc.*, 120 P.3d 876, 882-83 (Okla. Civ. App. 2005) (citing Oklahoma law that "the parties' exchange of promises of performance constitutes good and valid consideration to support the formation of an enforceable contract.").

The facts here fit *Hardin*—where we found the employer's mutually exchanged promise to arbitrate was not illusory—rather than *Thompson*. In this case, unlike in *Thompson*, there is no evidence in the record we have that the defendants reserved the right to modify the DRA at any time, without notice.[4] Rather, by its terms the DRA is binding on both parties and governs their claims against each other.

---

[3] *Hardin* also addressed whether the employee *accepted* the arbitration agreement by continuing to work, *see Hardin*, 465 F.3d at 475-78, an issue it treated separately from whether the agreement was supported by adequate *consideration* created by mutually binding promises, *see id.* at 478-79.

[4] The provision in the employee handbook included in the record that reserves a right to modify its terms without notice refers only to the terms *of the handbook*, not the DRA. *See* Aplt. App. at 38.

*See generally* DRA, Aplt. App. at 21-22.  For this reason the parties' mutual agreement to arbitrate disputes arising from their employment relationship provides adequate consideration for the DRA.

The other form of consideration recited in the DRA is Plaintiff's continued employment with the defendants.  The district court determined that this form of consideration failed, because when Plaintiff signed the DRA, she "received nothing in return, save for a promise of continued at-will employment—something Brookdale was already obligated to do anyway."  Aplt. App. at 46.  It is true that under Oklahoma law, performance of obligations a party is already legally bound to perform does not provide sufficient consideration to support a contract.  *See, e.g.*, *Gragg v. James*, 452 P.2d 579, 587 (Okla. 1969), *superseded by statute on other grounds as recognized in Prough v. Edinger, Inc.*, 862 P.2d 71, 73 (Okla. 1993).  But there is some question whether this principle applies to contractual modifications that affect the prospective terms of at-will employment.  *See Robinson v. Phillips Petroleum Co.*, 54 P.2d 322, 322-23 (Okla. 1936) (per curiam).  We need not determine whether Plaintiff's continued employment supplied adequate consideration for her agreement to arbitrate future claims, however, because as we have explained, the agreement is independently supported by consideration in the form of the mutual promises to arbitrate made between Plaintiff and the defendants.[5]

---

[5]   Plaintiff argues the defendants did not make a mutually binding promise to arbitrate because they "are not signatories to, and therefore, not bound by the DRA." Aplee. Br. at 13.  In its order, the district court treated the defendants as parties to the
(continued)

Plaintiff challenged the DRA on several other grounds besides failure of consideration. These additional arguments may be considered and resolved on remand.

III.

We vacate the district court's order denying the defendants' motion to dismiss or stay in favor of arbitration, and remand for further proceedings.

                          Entered for the Court

                          Carolyn B. McHugh
                          Circuit Judge

---

DRA. No evidence to the contrary has been presented for our review. Plaintiff remains free to renew her argument on this point to the district court on remand.